**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2197-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BLAKE A. PUPO,
a/k/a BLAKE A. POPO,

    Defendant-Appellant.

_____

Submitted May 15, 2025 – Decided May 23, 2025

Before Judges Natali and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 18-05-0161.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Sahil K. Kabse, Acting Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Blake A. Pupo appeals from a January 16, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. After careful review of the record and the governing legal principles, we affirm.

I.

Following a 2019 jury trial, defendant was convicted of two counts of first-degree distribution of a controlled dangerous substance, lysergic acid diethylamide (LSD), N.J.S.A. 2C:35-5(a)(1)(b)(6); one count of second-degree conspiracy to distribute LSD, N.J.S.A. 2C:5-2; and one count of fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(3).[1]  After merger, the court sentenced defendant to a fifteen-year custodial term with a six-year period of parole ineligibility, and assessed applicable fines and penalties.  We affirmed in part but remanded for the court to issue an amended judgment of conviction vacating defendant's conviction for fourth-degree possession of marijuana. State v. Pupo, No. A-3550-19 (App. Div. July 6, 2022).  The Supreme Court subsequently denied defendant's petition for certification.  State v. Pupo, 252 N.J. 422 (2022).

---

[1]  Defendant was originally charged in a twenty-four-count indictment.  Two charges pertained solely to then co-defendant Kevin Dilks.  The State dismissed eighteen charges related to defendant's alleged theft and fraudulent use of prescription blanks, and he was tried on the four remaining counts.

A-2197-23

Defendant's convictions stem from events which occurred between March 6 and March 12, 2018, when he sold LSD to Dilks. Our prior opinion contains an extensive recitation of the facts and procedural history, which we summarize here for contextual purposes.

The Hopatcong Borough Police Department and the Sussex County Narcotics Task Force received information that Dilks was actively involved in distributing LSD to Recovery Court participants. Detective Aldo Leone of the Sussex County Prosecutor's Office followed Dilks to a Dunkin' Donuts and observed a suspected drug deal between defendant and Dilks. The police later arrested Richard Clark, a Recovery Court participant, for distribution of LSD, who claimed Dilks was his supplier. Police then coordinated a series of controlled LSD purchases between Clark, Dilks, and defendant.

As defendant drove away from a purchase, officers pulled him over, arrested him, seized contraband from his car, and executed a previously obtained search warrant for his home. According to Detective Leone, after being administered Miranda[2] warnings, defendant admitted selling LSD to Dilks on two occasions. The court later granted defendant's application to suppress his

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

statements based on a lack of proper <u>Miranda</u> warnings but denied his request to suppress the physical evidence seized.

Clark testified at trial that he participated in two controlled purchases of LSD from Dilks, but he never knew from whom Dilks obtained the drugs. Dilks later pled guilty to first-degree distribution of LSD and inculpated defendant as his supplier. However, contrary to his sworn statement during his plea hearing, Dilks testified at trial he purchased the LSD from a supplier in Jersey City, not defendant.

Defendant filed a timely pro se petition supported by a certification in which he attested there was insufficient evidence for the jury to convict him because Dilks testified he obtained the LSD from a supplier in Jersey City and "there were no observations of [him] passing LSD or other objects to . . . Dilks." Additionally, defendant certified the text messages to Dilks suggestive of drug transactions allegedly from his phone were unreliable because a representative from Verizon testified at trial its software cannot "detect spoofed numbers."

Defendant further explained a newspaper article, titled "[c]o-defendant in LSD distribution trial takes stand," posted outside the courtroom was visible to jurors and incorrectly and improperly informed "any reader" that he was "charged in a [twenty]-count indictment with a countrywide LSD distribution

scheme." He claimed that information was false as numerous counts were dismissed before trial and did not relate to alleged LSD distribution but rather the alleged theft of prescription blanks, and he was only charged with two sales of LSD to Dilks, not a "countrywide scheme." Defendant asserted he was clearly prejudiced by the posting of the article as "[a]ny juror reading the article would have incorrectly assumed [he] was charged and likely guilty of a greater number of far-reaching offenses than was the case."

Defendant further contended the prosecutor's statement during summation that "'[t]here was a lot more evidence' that wasn't introduced at trial" was prejudicial and, "[c]oupled with [the] newspaper article[,] . . . suggested there really was a lot more evidence in a much larger drug crime syndicate" which, he argues, was also prejudicial.[3] Also, defendant certified he spoke to his counsel about the newspaper article and the prosecutor's improper statement, asked him to move for a mistrial, but his counsel failed to do so. He contended he was "prejudiced by [his counsel]'s failure to act," which "rendered h[is performance] constitutionally ineffective."

---

[3] The excerpted portion of the prosecutor's summation upon which defendant bases his argument is as follows: "Well, you see all of this evidence, . . . Dilks says that evidence and everything else, there's a lot more evidence that doesn't necessarily get introduced at trial for a lot of reasons."

Defendant's father also submitted a certification in support of defendant's petition which stated he brought the newspaper article to counsel's attention, it was taped to the wall outside the courtroom, and he observed several people reading the article but could not say "with certainty that [those] individuals were sitting jurors." The father further certified he did not know when the article was taped to the wall but counsel "should have argued more forcefully on behalf of [defendant] to ensure the displaying of th[e] article did not prejudice him." He maintained "someone taped [the] article to the wall outside the courtroom to hurt [defendant] with extra-trial information."

Defendant's trial counsel also submitted a certification in which he stated defendant's "petition does not assert that any jurors ever saw the newspaper, much less read the article, nor does [defendant] allege with any specificity how the article, if . . . read, allegedly tainted [the jurors'] minds." Counsel certified any knowledge defendant has of the newspaper incident is "not based on his personal knowledge," because defendant was detained and transported to the courtroom from a holding cell, and was never in the hallway where the newspaper was available and was therefore piecing together his argument with respect to the newspaper from "misremembering what others may have told him" and his "faulty recollection" of the trial proceedings.

Defense counsel also confirmed defendant's father brought the newspaper to his attention and expressed concern that a juror may have seen the article. Counsel certified he brought the newspaper article to the judge's attention and the judge questioned the jury about their knowledge of the article. He stated the "transcript reveals that what actually occurred bore no resemblance whatsoever to [defendant]'s baseless assertions in his certification."

The PCR court denied defendant's petition and supported its decision in a comprehensive written opinion. The court concluded defendant failed to establish a prima facie case of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984), and was therefore not entitled to an evidentiary hearing.

First, with respect to the newspaper article, the PCR court found defendant's counsel was not constitutionally ineffective in failing "to move for a mistrial after it was discovered that jurors may have been exposed to a newspaper article about the case because his trial attorney immediately presented that information to opposing counsel and [the j]udge[,] . . . and after being questioned by [the j]udge . . . , no juror had seen the . . . article." In reaching this conclusion, the PCR court noted trial counsel "ma[de] it clear in

his [c]ertification that he did everything that was in his power short of making the motion for a mistrial when it came to responding to the newspaper article."

The PCR court also explained that the judge did not specifically ask the jury about the newspaper article, "presumably to keep the existence of the newspaper as vague as possible." Because all jurors indicated they had not seen the article, the PCR court found "[t]here was no basis for [trial counsel] to seek a mistrial" and, thus, counsel's "conduct f[ell] well within an objective standard of reasonableness." The court concluded without an "unprofessional error on the part of [trial counsel,] the second prong of the Strickland test cannot be satisfied."

Second, the PCR court found "[d]efendant was not deprived [of] constitutionally effective counsel when his trial attorney failed to move for a mistrial based on a claim the prosecutor's closing remarks were 'egregious.'" Procedurally, the court noted defendant merely challenged a different portion of the prosecutor's summation than what he previously raised on direct appeal, and was required to raise all objections to the prosecutor's comments on direct appeal because a "petition for [PCR] is not a substitute for direct appeal." Thus, the PCR court concluded defendant was barred from bringing his newly minted claim as there was no "fundamental injustice by precluding the claim now," the

"comment was innocuous and made in the context of what constituted substantial evidence in the eyes of the State that it was [defendant] who had the Jersey City contacts and not Dilks," and denying defendant's petition was "not contrary to the state or federal constitutions."

With respect to the substantive merit of this claim, the PCR court found defendant failed to establish a motion for a mistrial would have been successful and relied upon the analysis in our prior decision where we rejected defendant's challenges to other aspects of the prosecutor's summation based in part on the court's curative instructions. Thus, the PCR court concluded defendant failed to satisfy Strickland's prejudice prong irrespective of his ability to establish the performance prong.[4]

Defendant raises the following arguments on appeal:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT HAS ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS.

---

[4] The PCR court addressed two additional arguments, which defendant has not reprised before us, and we accordingly deem them waived. See Telebright Corp. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025) ("[A]n issue not briefed is deemed waived.").

A. Trial Counsel Failed To Object To The Prosecutor's Prejudicial Comment In Summation That "There's A Lot More Evidence That Doesn't Necessarily Get Introduced At Trial For A Lot Of Reasons."

B. Trial Counsel Failed To Move For A Mistrial When It Was Discovered That Jurors May Have Read A Newspaper Article About [T]he Case That Could Have Affected Their Ability To Be Fair And Impartial.

Defendant reprises the argument the prosecutor's statement that "there's a lot more evidence that doesn't necessarily get introduced at trial for a lot of reasons," was prejudicial, his attorney ignored his request to move for a mistrial, he was prejudiced by his counsel's failure to act, and the PCR court "procedurally and substantively" erred in rejecting this claim. Procedurally, defendant maintains his "ineffectiveness claim, though involving an additional prosecutorial misconduct issue, clearly was cognizable" and did not need to be brought on direct appeal.

Substantively, defendant argues the prosecutor's comment "irretrievably suggested and exposed [a] personal belief, known to him but [otherwise] concealed [from] the jurors." Thus, defendant maintains he established a prima facie case of ineffective assistance of counsel under Strickland and the matter must be remanded for an evidentiary hearing.

10

Next, defendant reasserts his argument that counsel erred in failing to move for a mistrial with respect to the jurors' alleged knowledge of a newspaper article posted outside the courtroom which, defendant claims, contained false information that would have misled the jurors into believing he was charged with and likely guilty of "a greater number of far-reaching offenses than what was the case." Defendant contends counsel "possessed the legal obligation to ensure the absence of prejudice by having the court[] provide[] a more specific voir dire of the jurors." He further maintains the jurors should have been informed that he was not on trial for "over [twenty] counts," as stated in the newspaper article, and that the jurors should have been "questioned . . . whether any such account would detrimentally impact their deliberations."

We reject all of defendant's arguments and affirm substantially for the reasons set forth in the PCR judge's thorough and well-reasoned opinion. To amplify our decision, we add the following additional comments.

## II.

Because the judge did not hold an evidentiary hearing, we review both the factual inferences drawn from the record and any legal conclusions de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013). We consider the judge's decision to proceed

without an evidentiary hearing for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee that a defendant in a criminal proceeding has the right to the assistance of counsel in his or her defense. The right to counsel includes "the right to the effective assistance of counsel." Nash, 212 N.J. at 541 (quoting Strickland, 466 U.S. at 686).

As noted, in Strickland, the Court established a two-part test to determine whether a defendant has been deprived of the effective assistance of counsel. 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong, it must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. However, when considering a defendant's proofs, a court must show "extreme deference" in assessing defense counsel's performance, Fritz, 105 N.J. at 52, and "indulge a strong presumption that [it] falls within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689. To establish prejudice

12

under the second prong, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

"With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 299 N.J. 339, 350 (2012); see also State v. Goodwin, 173 N.J. 583, 593 (2002). A defendant must "do more than make bald assertions that [they were] denied the effective assistance of counsel" to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant's failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition. Nash, 212 N.J. at 542; Fritz, 105 N.J. at 52.

"Under Rule 3:22-4, a defendant is barred from raising any issue in a PCR petition that could have been raised on direct appeal unless one of three enumerated exceptions apply." State v. Wildgoose, 479 N.J. Super. 331, 344 (App. Div. 2024) (citing Nash, 212 at 546). Those exceptions are: (1) "the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding;" (2) "enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental

injustice;" or (3) "denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey." R. 3:22-4(a).

Additionally, Rule 3:22-3 states a PCR petition "is not . . . a substitute for appeal from conviction," and the Supreme Court has articulated "[a] defendant ordinarily must pursue relief by direct appeal, [R. 3:22-3], and may not use [PCR] to assert a new claim that could have been raised on direct appeal. [R. 3:22-4]." State v. McQuaid, 147 N.J. 464, 483 (1997).

Applying these principles to the record before us, we are satisfied the PCR court correctly determined defendant's counsel was not ineffective for failing to move for a mistrial with respect to the "additional evidence" comment made by the prosecutor during summation. The PCR court also properly concluded that defendant's concerns with the prosecutor's comments could have, and should have, been raised on direct appeal contemporaneously with defendant's similar contentions concerning other parts of the prosecutor's summation.

Further, the PCR court correctly found the above-referenced exceptions to Rule 3:22-4 did not apply. The PCR court correctly found there was no "fundamental injustice" caused by procedurally barring the claim as defendant

had every opportunity to raise this claim on direct appeal and barring the claim did not violate either the state or federal constitutions.

Notwithstanding the procedural bar, we are also satisfied defendant's claim lacks substantive merit. As noted in the PCR court's decision, defendant failed to establish his counsel was ineffective for failing to file a motion that would not have been successful. State v. O'Neal, 190 N.J. 601, 619 (2007) ("It is not ineffective assistance of counsel for defense counsel not to file a meritless motion").

Although counsel did not object to the prosecutor's comment, when he made a timely objection to other portions of the summation, the court provided the jury with a series of instructions that made clear to the jurors: (1) "the State has the burden of proving each and every element of each charge beyond a reasonable doubt and that [the] burden never shifts to a defendant"; and (2) "any comments by the attorneys . . . are of course not evidence" and the jurors should "only consider such facts . . . [that] have been proven by the testimony of the witnesses or from exhibits admitted into evidence by the [c]ourt." We assume the jurors followed such instructions. State v. Herbert, 457 N.J. Super. 490, 504-05 (App. Div. 2019). Based on our review of the entire summation, the PCR court properly found that defendant failed to establish his counsel's

A-2197-23

performance was constitutionally deficient under <u>Strickland</u> when he failed to request a mistrial with respect to the fleeting comment at issue. This is particularly so in light of the court's instructions, and the evidence presented at trial supporting defendant's convictions.

We further reject defendant's arguments with respect to counsel's alleged ineffective assistance in failing to move for a mistrial when it was brought to his attention that jurors may have read a newspaper article about the case. While any "improper intrusion into the deliberations of a jury that 'could have a tendency to influence the jury in arriving at its verdict in a manner inconsistent with the legal proofs and the court's charge' is a ground for a mistrial," <u>State v. Hightower</u>, 146 N.J. 239, 266-67 (1996) (quoting <u>Panko v. Flintkote Co.</u>, 7 N.J. 55, 61 (1951)), the record reflects that no such intrusion occurred here.

As the PCR court found, once counsel learned about the newspaper article, he informed the court and opposing counsel, and the court addressed the jurors with respect to whether they had seen or read the article. The PCR court correctly found, because no juror indicated they had knowledge of the article, no improper intrusion occurred and, therefore, counsel lacked sufficient grounds to move for a mistrial. Also, in addition to the instruction given by the court following summation, which directed the jury to consider only the testimonial

A-2197-23

and documentary evidence presented during trial, the court repeatedly reminded the jury over the course of trial not to conduct outside research or read news or other materials about the case.

We further reject defendant's argument counsel was ineffective in not advocating for a more specific voir dire of the jurors, including informing the jury certain information in the article was incorrect, such as that defendant was "not 'on trial for over [twenty] counts.'" Conveying such information to the jury would defeat the purpose of ensuring the jury's scope of knowledge is limited to the information gleaned from trial testimony and other admitted evidence by conveying the article's extra-judicial information directly to them.

Finally, defendant did not establish a prima facie case of ineffective assistance of counsel. As a result, the PCR court did not abuse its discretion in denying his request for an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462 (1992).

To the extent we have not addressed specifically any of defendant's remaining arguments, it is because we have concluded that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division